cox's
EXECUTORS
*vs.*
THOMAS.

===

## COX'S EXECUTORS *vs.* THOMAS.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, FOR THE PARISH OF ST. MARTIN, THE JUDGE OF THE SIXTH PRESIDING.

The functions of the District Court, in relation to a mandate which has issued from this court, to have a judgment executed, *are merely ministerial.* It cannot render any new judgment which would authorize or render an appeal necessary.

The duty of the inferior court, is to obey the mandate of the Supreme Court. If it does not, the party obtaining the judgment, must seek its enforcement by an application for a *mandamus.*

In relation to the execution of final judgments, neither party is entitled to an appeal. The remedy is by a *mandamus* or *supersedeas.* An appeal is a matter of right in cases where it lies.

This case was commenced by a petition, concluding with a prayer, that the defendant be cited and ruled, to show cause

WESTERN DIST.
*Sept.* 1837.

COX'S
EXECUTORS
*vs.*
THOMAS.

why a certain judgment, revised by the Supreme Court, should not be made absolute and unconditional against him, and execution ordered to issue thereon, and to have the same satisfied according to the import and tenor of said judgment.

The facts of the case show, that at the September term, 1836, of this court, sitting at Opelousas, a judgment was rendered in favor of N. Cox, of New-Orleans, against David Rees, and J. H. Thomas, decreeing as follows :

" It is ordered, adjudged and decreed, that the plaintiff recover from the defendant, D. Rees, as principal, and J. H. Thomas, as surety, the sum of one thousand four hundred and ninety-eight dollars, etc. It is further ordered, that the land specified in the petition, as mortgaged for the security of the original debt, *be first seized and sold to satisfy the sum of one thousand four hundred and ninety-eight dollars, etc.*" *See* 10 *Louisiana Reports,* 232.

On the return of the mandate to the District Court, it was ascertained, that the tract of land ordered *first to be seized and sold,* had been already sold under a previous mortgage to that of the plaintiff, and consequently, this part of the decree of the Supreme Court, became an *impossible condition.* But execution issued according to the decree, and the sheriff returned the fact of the land being previously sold, and the estate of Rees, in a course of administration in the Probate Court, as an insolvent one.

The plaintiff then commenced the present proceedings, praying that the defendant, J. H. Thomas be cited and ruled, and ordered to show cause why the judgment should not be made *absolute and conditional,* and execution issue against him accordingly. The defendant answered, and averred that the judgment of the Supreme Court, was absolute, and had the force of *res judicata,* and could not be amended. He prays that this proceeding be dismissed with costs.

On this state of the case, the district judge rendered judgment *absolutely* against the defendant, for the sum con-

tained in the judgment of the Supreme Court. The defendant appealed.

COX'S
EXECUTORS
vs.
THOMAS.

*Voorhies*, for the plaintiff, contended, that this proceeding was simply a rule for the defendant to show cause, why the plaintiffs shall not carry into effect the judgment of the Supreme Court. The defendant seeks to avoid this judgment, by requiring the land purporting to be mortgaged by Rees, to be first discussed and proceeded against, before coming on him. This is shown to be impossible as it has previously been sold under a prior mortgage.

2. The defendant's responsibility as surety attached, and his liability became absolute on the land proving insufficient. It has proved insufficient in this case by being sold at another and prior sale.

*Brent* and *Simon*, for the defendant, urged, that this was a suit to amend a judgment of the Supreme Court, which has the force of *res judicata ;* and to make that an unconditional, which is, in fact, a conditional judgment, requiring something to be done before the defendant is liable.

2. The object of this suit cannot be obtained in the present form. There are four ways to amend or alter judgments. In this court it can only be done by a re-hearing ; those of the inferior courts are reached by appeal, action of rescission, or nullity.

*Martin, J.,* delivered the opinion of the court.

The functions of the district court, in relation to a mandate which has issued from this court, to have a judgment executed, are merely ministerial. It cannot render any new judgment, which would authorize or render an appeal necessary.

This court, at its last September term, in Opelousas, rendered judgment in favor of the plaintiffs' testator, against Rees and the present defendant, his surety, with a stay of execution as to the latter, until a tract of land mortgaged by Rees, should be seized and sold to satisfy the judgment.

The present suit was brought, on a suggestion, that the tract of land in question, had theretofore been sold, and the proceeds absorbed by a prior mortgage, and in order to have the judgment of this court made absolute, so as to obtain

execution against the defendant.  Judgment was accordingly rendered, and he appealed.

It is clear that these proceedings were irregular.  The functions of the District Court in relation to a mandate which has issued from this court to have a judgment executed, are merely ministerial.  It cannot render any new judgment which would authorize or render an appeal necessary.  Its duty is to obey the mandate; if it does not, the party obtaining the judgment must seek its enforcement by an application for a *mandamus*; and the party against whom the judgment was rendered, if he thinks himself injured by the manner in which execution is ordered, must seek relief by a *supersedeas*.  Neither of them is entitled to an appeal, which is a matter of *right*, in cases where it lies.  Not so of the *mandamus* or *supersedeas*.  These are always in the discretion of the court, and are never granted unless a proper case be made out.  They issue from the court that rendered the judgment, and which is considered to be the best judge of the manner of executing its own judgments.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and the petition dismissed; the plaintiffs and appellees paying costs in both courts.

WESTERN DIST.
*Sept.* 1837.

HAYES
*vs.*
MARSH.

The duty of the inferior court is to obey the mandate of the Supreme Court. If it does not, the party obtaining the judgment must seek its enforcement by an application for a *mandamus*.

In relation to the execution of final judgments, neither party is entitled to an appeal. The remedy is by a *mandamus* or *supersedeas*. An appeal is a matter of right in cases where it lies.