HAYS *vs.* MARSH.

11L 369
49 1782

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, FOR THE PARISH OF ST. MARTIN, THE JUDGE OF THE SIXTH PRESIDING.

Where an overseer abandons his employer before the end of his year, on pretence of sickness in his family, when he is not prevented personally by bad health from performing his duty, he will lose all the wages he has earned.

HAYES
*vs.*
MARSH.

This is an action by an overseer against his employer, for the recovery of wages due.

The plaintiff alleges, that in the year 1833, he was employed by the defendant to superintend his plantation, as an overseer, for the sum of five hundred dollars per annum; that he remained in this employment eight months and a half, and left his employer, for which time he was so engaged, he claims three hundred and fifty-three dollars and sixty-five cents.

The defendant admitted he employed the plaintiff, on the terms and conditions stated; but that he left his employment without any just cause, in the busiest season of the year, and before his term expired.

The defendant avers, that the plaintiff is not entitled to any wages, having violated his engagement, and left his sugar plantation without taking off his crop, in consequence of which, he has sustained a loss of at least forty hogsheads of sugar, worth two thousand five hundred dollars, and for which he claims judgment in reconvention.

Upon these pleadings and issues the parties proceeded to trial, before the court and a jury.

The plaintiff called three witnesses, who failed to testify to the causes for which he left the defendant's employment. The latter produced no witnesses, and submitted the case on the plaintiff's evidence.

After the argument had commenced the plaintiff offered other witnesses, which were objected to by the defendant's counsel, as coming too late; the testimony, thus offered, being neither to rebut any evidence of the plaintiff, nor to explain or lessen the weight of any offered by him. The court admitted the evidence, and a bill of exception was taken. These witnesses testified, that the plaintiff quit the defendant's employment, and left his plantation on account of some sickness in his family, and his apprehensions that the season would be very sickly.

The jury returned a verdict for the plaintiff. After an unsuccessful attempt to obtain a new trial, the defendant appealed.

*Splane* and *Simon*, for the plaintiff, insisted, that the evidence showed that the plaintiff had good cause for leaving the defendant's employ before the end of the year. The place where the plantation is situated became very unhealthy; the plaintiff's wife and all his family were sick, and in imminent danger of their lives. This was good and legal cause to leave.

2. The plaintiff being forced to leave the plantation by circumstances above his control, should not thereby lose the wages he has already earned.

3. It is only daily laborers or servants who lose their whole wages, when they quit their employment before the time agreed on. *Louisiana Code*, 2719.

4. But overseers, as was the case here, are employed on a salary of so much per annum, which is payable quarterly. They are entitled to so much of it as is earned, when they leave for good cause. In this case the jury have pronounced the *causes* which induced the plaintiff to leave the defendant's employ before the end of the year, to be good and sufficient. In such cases the verdict should not be disturbed.

*King*, for the defendant, contended, that the judgment should be reversed, because the plaintiff should not have been allowed to introduce other witnesses after he had closed his evidence and the argument begun. He is only permitted to call additional witnesses to rebut or lessen the weight of the defendant's testimony, *when he has produced any, etc. Code of Practice*, 477, 484. 7 *Martin, N. S.* 57. 5 *Louisiana Reports*, 451.

2. The plaintiff hired his services for a stipulated sum, by the *year*, as an overseer, and having left his employer before the expiration of his term, without any just cause of complaint, he thereby forfeited *all his wages* for the time he served. *Louisiana Code*, 2719, 2720-21.

*Lewis*, on same side, said, the plaintiff had showed no cause of action in his petition. The evidence which he was allowed to introduce after the argument of the case had com-

WESTERN DIST.  menced, does not show any good or sufficient cause for leav-
*Sept.* . 1837.   ing the defendant's employ at a time when he was most
HAYES        needed to take off the sugar crop.
*vs.*
MARSH.

2. Even if the evidence relied on is not excluded as it ought to be, it shows a complete violation of his contract by the plaintiff. Instead of his getting any wages the defendant is entitled to damages, if he choose to have shown them, (as he could,) by testimony.

*Carleton, J.,* delivered the opinion of the court.

The plaintiff in his petition claims the sum of three hundred and fifty-three dollars and sixty-five cents, for eight and a half months services rendered as overseer on defendant's plantation in 1833, at the rate of five hundred dollars per annum.

The defendant for answer, avers, in substance, that before the expiration of the year for which the plaintiff was employed, he abandoned the plantation without any lawful cause, in violation of his engagement, at a time when his services were most necessary for the preservation of the crop, by reason of which, he, the defendant, sustained damages to the amount of two thousand five hundred dollars, for which he sues in reconvention.

The cause was submitted to a jury who found a verdict for the plaintiff, and the judgment of the court having been pronounced accordingly, the defendant appealed after an ineffectual attempt to obtain a new trial.

A bill of exceptions was taken to the opinion of the court in the progress of the cause, by defendant's counsel, which, from the view we have taken of the merits of the case, it is not necessary further to notice.

Though the. plaintiff does not, in his petition, set out his motives for withdrawing from the services of his employer before the expiration of the year, yet the cause is fully explained by the testimony of the witnesses. From them we learn, that his wife fell sick in September, 1833, and her husband thinking it necessary to remove her from the plan-

tation, followed, that he might remain with her during her illness, and that he did not afterwards return to fulfil his contract.

WESTERN DIST
*Sept.* 1837.

HAYES
*vs.*
MARSH.

This court have ever been reluctant to disturb the verdict of a jury, where the controversy turned upon mere matters of fact. But in the case before us, they have pronounced upon a matter purely of law ; for such we deem to be the question raised by the plaintiff, in the excuse he sets up for the non-fulfilment of his contract.

By article 2721, of the *Louisiana Code*, it is provided, that if " a laborer, after having hired out his services, should leave his employer before the time of his engagement had expired, without having any just cause of complaint against his employer, the laborer shall then forfeit all the wages that may be due, and shall, moreover, be compelled to repay all the money he has received, either as due for his wages, or in advance thereof on the running year, or on the time of his engagement."

The reason of the law may well apply to the case under consideration. Overseers are generally employed by the year, and their duties can seldom be performed in a shorter period. The agricultural interests of the country are mainly under the control of this description of men, and if they could abandon their employers in time of greatest need, on such pretences as are set up by the plaintiff, it is plain that great and remediless mischief would ensue.

The services he was bound to render were personal, and the sickness of any member of his family, is no excuse for a breach of their performance. It does, therefore, appear to us, that by abandoning his undertaking before the lapse of time fixed by the contract, the plaintiff has forfeited all claim to wages for any services he may have performed.

Where an over seer abandon his employer be fore the end o his year, on pre tence of sicknes in his family when he is no prevented per sonally by bad health from per forming hi duty, he wil lose all the wa ges he ha earned.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed ; that the verdict of the jury be set aside, and that there be judgment for the defendant with costs of suit in both courts.