Lovelace v. Taylor and others

GEORGE W. LOVELACE *v.* WILLIAM R. TAYLOR and others.

The statement of the title of the case, and of the court from which the appeal is taken, written at the head of the opinions prepared by the Judges of the Supreme Court, is not required by law. It forms no part of the judgment, and when erroneous may be disregarded.

The functions of a District Court in relation to a mandate issued from the Supreme Court to have a judgment executed, are merely ministerial. It cannot render any new judgment which can authorize an appeal, or render one necessary. Its duty is to obey the mandate, and to order the decision of the Supreme Court to be recorded on its minutes, that it may be legally executed. C. P. art. 619. As soon as this is done, the party in whose favor the judgment has been rendered, has an absolute, immediate right to an execution, which cannot be suspended by any subsequent appeal. C. P. 623, 629. If the mandate of the Supreme Court be not obeyed, the party obtaining the judgment must enforce it by a *mandamus;* and he against whom it has been rendered, if he thinks himself injured by the manner in which the execution is ordered, must seek relief by a *supersedeas.*

APPEAL from the District Court of Catahoula, *Curry,* J.

MORPHY, J. This court, at its last October term, rendered a final judgment, affirming, with five per cent damages, one taken from the Seventh District, in a suit No. 495, of *Taylor, Gardiner & Co.* v. *George W. Lovelace & Co.* The heading of the opinion is : " Appeal from the Court of the Ninth Judicial District, the Judge of the Fifth presiding." When this decree was presented to be recorded below, and a motion made in open court to have its execution ordered, it appears that the counsel for G. W. Lovelace & Co., opposed the motion, on the ground that this decree, purporting on its face to be rendered on an appeal from the Ninth District, could not be acted on by the court below, and rendered executory. The Judge* overruled the objection, and ordered the decree to be filed and rendered executory, on the 28th of November, 1842 ; but at the same time stated that, as it was a novel case, he would grant an appeal upon it, so that the Supreme Court might correct his judgment if erroneous. The counsel for

---

* *Willson,* J., presided at this term of the District Court. The injunction was also granted by him. It was subsequently dissolved by *Curry,* J., from whose decision this appeal was taken.

Lovelace v. Taylor and others.

the defendants said that he would present a petition of appeal in due time or before the adjournment of the court. On the 29th of November, an execution issued, and on the 3d of December following, a suspensive appeal was prayed for and granted, from the order rendering the judgment of this court executory. Notwithstanding this appeal, Taylor, Gardiner & Co. proceeded with their execution, and on the 24th of December, the Sheriff seized a tract of land belonging to the defendant Lovelace, and advertised it for sale on the 4th of February, 1843. This sale G. W. Lovelace enjoined ; and he prayed for damages against the plaintiffs in execution and the Sheriff. On a motion to dissolve this injunction, the Judge below pronounced its dissolution, with fifteen per cent damages, against George W. Lovelace and Michael B. Wells, the other defendant in the original suit, and their sureties on the injunction bond, on the amount of the judgment enjoined. From this judgment G. W. Lovelace has appealed.

The Judge below properly disregarded the erroneous statement heading the decree of this court. It was not required by law, made no part of the judgment, and might have been omitted ; but after making an order for the execution of the decree of this court, he was clearly without any right or power to allow an appeal from it. In 11 La. 369, we said, that "the functions of the District Court in relation to a mandate which has issued from this court to have a judgment executed, are merely ministerial. It cannot render any new judgment which would authorize, or render an appeal necessary. Its duty is to obey the mandate. If it does not, the party obtaining the judgment, must seek its enforcement by an application for a *mandamus ;* and the party against whom the judgment was rendered, if he thinks himself injured by the manner in which the execution is ordered, must seek relief by a *supersedeas.*" The Judge below, it is true, heard evidence fully to satisfy himself of the error, before he would make the mandate executory, but he had no judgment to render. The judgment of this court had settled all the controversy between the parties, and his only province was to order the decree of the appellate court to be recorded on the minutes of his court, that it might be legally executed. Code of Practice, art. 619. As soon as this was done, the party in whose favor the judgment was rendered, had

an absolute and immediate right to an execution, which could not be suspended by any subsequent appeal, even if one could legally be taken. Code of Practice, arts. 623, 629. Under this view of the case, which renders it unnecessary to examine the various grounds on which the dissolution of the injunction was prayed for below, we think that the inferior Judge acted correctly in treating the appeal taken by the defendants in execution as a nullity, and in dissolving the injunction.

It is, therefore, ordered that the appeal taken from the order of the Judge below, rendering the judgment of this court executory, be dismissed with costs ; and it is further ordered, that the judgment dissolving the injunction be affirmed, with costs in both courts.

*Garrett*, for the appellant.
*Mayo*, for the defendants.