CRABB
*v.*
ALLEN.

was not divested, and he could vindicate his ownership of the slaves against any one attempting to deprive him of them. We will, however, in the decree which we shall pronounce, guard the defendant's interest in this respect.

We do not think it just to award damages to the plaintiff without first giving the defendant an opportunity to compel the plaintiff to account for the hire of those slaves, belonging to the defendant, in his possession.

In conclusion, we remark, as we have often done, that it is with diffidence that we undertake to make an application of the law of our sister State on the subject of title to slaves. But as the parties, instead of leaving these matters to the courts of Mississippi for decision, which would have been so much more satisfactory, have sought the interposition of our own courts, we are obliged to decide the case in accordance with such reasons as seem to preponderate.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and now proceeding to pronounce such judgment as ought to have been rendered, it is ordered, adjudged and decreed by the court, that the plaintiff do recover and have judgment in his favor, and against the defendant for the following named slaves described in his petition, viz: *Jack, Tom, Will, Bill, George, Lewis, Jenny, Elizabeth, America, Patsey, Emma, Ed, Hannah, Henry, Sarah, Branch, Narcissa, Ed, Martha, Anderson, Nancy, Ruth* and her child *Noah, Ann, Barbara, Watt, John* and *Henry,* and their increase, if any, born since the pendency of this suit; and it is further ordered, that no writ of possession issue until the plaintiff deposit with the Clerk of the lower court his written release, under seal, in favor of the defendant, of all interest and claim to the girl *Ann* and her children, bequeathed to said *Saloam Allen* by *Waterman Crane,* also all interest and claim in and to slaves *Joe, Isaac, Anarcha, Charles* and *Little Sarah,* and any increase since they have been in the possession of the plaintiff, with a special warranty against his own acts, as affecting the title to said slaves since November, 1847; and it is further ordered, that this cause be remanded to the lower court for the sole purpose of assessing the value of the hire of said slaves herein decreed the plaintiff, with leave to the defendant to plead by way of reconvention or compensation any claim he may have against the plaintiff for the value of the services of his slaves whilst in the possession of the plaintiff; and it is further ordered, that the defendant pay the cost of the appeal and the costs to this date in the lower court, any future cost which may accrue to abide the event of the further litigation in this case.

---

## SAME CASE.

To entitle a party to the extraordinary remedy of a supersedeas to stay a writ of possession, issued from the District Court on a judgment of this court, he should show affirmatively that the writ of possession issued in contravention of the terms of the decree of this court.

ON application for a supersedeas to stay a writ of possession.

SPOFFORD, J. The defendant in the above cause, determined by this court in May last, asks for a *supersedeas* to stay a writ of possession which issued from the District Court upon the judgment of this court remanded for execu-

tion. He bases his application upon the Art. 629 C. P. and upon the authority <span style="float:right">CRANE<br>v.<br>ALLEN.</span> of the cases of *Cox's Executors* v. *Thomas*, 11 L., 367, and *Lovelace* v. *Taylor*, 6 Rob., 92.

His affidavit avers that the plaintiff in whose favor the writ of possession issued, still keeps in his possession, in the State of Mississippi, seven of the slaves which this court, by its decree aforesaid, intended he should deliver to the defendant, before any execution should issue, to wit: the slaves *Joe, Isaac* and *Ann* and her four children.

The language of our decree upon this branch of the case is as follows: " And it is further ordered, that no writ of possession issue until the plaintiff deposit with the Clerk of the lower court his written release, under seal, in favor of the defendant, of all interest and claim to the girl *Ann* and her children, bequeathed to said *Saloam Allen* by *Waterman Crane*, also all interest and claim in and to the slaves *Joe, Isaac, Anarcha* and *Little Sarah*, and any increase since they have been in the possession of the plaintiff, with a special warranty against his own acts, as affecting the title to said slaves since November, 1847.'

The affidavit does not deny that the plaintiff has executed the release in conformity to this decree.

We are without power to relieve the defendant. Our judgment, heretofore rendered, is final upon this subject, and cannot be amended or enlarged, even by ourselves. That judgment is silent upon the subject of the delivery of the slaves in question.

To entitle himself to the extraordinary remedy asked for, the defendant should have shown affirmatively that the writ of possession issued in contravention of the terms of our decree. He has not done so.

Petition praying for a *supersedeas* dismissed, at appellant's cost.

---

## GIROD'S LEGATEES *v.* A. D. CROSSMAN et als.

Parties to a judgment homologating a tableau of distribution cannot sustain an action against one who was also a party, to recover the amount decreed to him as legatee, on account of his incapacity to receive the legacy.

Where a testator left $100,000 to the Mayor of the city, to be used in the construction of an orphan asylum in the city of New Orleans, and after his death his estate was so reduced as only to pay one-fourth of this amount—an amount insufficient to fulfil his intention—an investment of the sum at interest by the Mayor, with a view to raise the requisite amount, did not forfeit the legacy.

APPEAL from the Second District Court of New Orleans, *Lea*, J.
*Soulé* and *Janin*, for plaintiffs and appellants.

*Biron* and *Train*, for intervenor, cited:

*Prevost* v. *Martel*, 10 R. 511; *Compton* v. *Prescott*, 12 R. 56; *Succession of Langley*, 5 A. 199; Toullier, vol. 5, p. 637, Nos. 677, 678, 679, &c.: Pailliet, notes under Article 1043, C. N.; *Accroissement*, C. N. 1044, 1045; C. C. 1696, 1697; C. C. 1702, 1703.

Donations *inter vivos* are liable to be revoked or dissolved on account of the following cause: the non-performance of the conditions imposed on the donee. C. C. 1546.

*Livingston*, for defendant:

Judgment of homologation obtained has the authority of the thing adjudged

63