No. 8199.

HEIRS OF STAFFORD VS. HENRY RENSHAW.                    33   443
                                                        52   107

ON THE MOTION TO DISMISS.

The case being fixed for trial on the merits in this Court, whether or not the bond is sufficient
for a suspensive appeal, the Appellee has no interest to have the appeal dismissed as sus-
pensive, inasmuch as the case would still remain in this Court on the devolutive appeal.

ON THE MERITS.

A final decree of this Court must be executed by the Court *a qua*, in the manner ordered in
the judgment, and the inferior tribunal has no authority to enquire into the legality of
the mode of execution so decreed.

The plea of payment made by the Appellees, is not supported by the evidence.

When the writ of injunction was not clearly abused, the defendant, on its dissolution, is only
entitled to counsel fees in the way of damages.

APPEAL from the Twelfth Judicial District Court, parish of Rapides.
*Bowman*, judge *ad hoc*.

*Jas. Andrews, Jr.*, and *W. F. Blackman* for Plaintiffs and Appellees:

Appellee contends that a writ of seizure and sale cannot issue against the property of a
Succession under administration, where plaintiff has obtained a judgment against the
succession in an ordinary action. C. P. Art.; 1 An. 205; 2 L. 547; 12 An. 642; 3 N. S. 498.

Plaintiff having elected to pursue the *via ordinaria*, cannot afterwards resort to the execu-
tory process to enforce the collection of a judgment recognizing his mortgage. 3 N. S.
498; 31 An. 112.

Where the heirs are present or represented and in possession of the property, the writ of
seizure should issue against them and not the executor, who has no seizin. C. P. —.

*Bayne & Renshaw, J. G. White* and *R. J. Bowman* for Defendant
and Appellant:

The decree in 30 An. 853, directing the seizure and sale of the mortgage property herein is
correct. 24 An. 383; 20 An. 311.

A final decree of the Supreme Court is to be executed in the manner directed by said Court;
it cannot be controlled by the District Court. 11 La. 366; 6 Rob. 92; 20 An. 223.

The writ herein issued on authentic evidence. C. P. 732. A mortgagee's rights are not im-
paired, because a judgment recognizing the validity of the mortgage and directing its
enforcement by seizure and sale. 12 An. 592.

A judgment cannot be enjoined for causes, which might have been pleaded prior to judg-
ment. 6 An. 282; 3 Rob 111; 12 An. 86; 20 An. 551; 21 An. 464; 8 N. S. 513; 2 La. 182.

In an action of nullity, it must appear that plaintiff could not by reasonable diligence have
sooner known matter relied on for relief. 3 An. 647; 6 An. 800; 1 Rob. 524; 14 An. 297; 18
An. 507; 12 An. 86; 15 An. 275.

Mere inferences from general statement of counsel's opinion and conversations of clients with
him are not evidence.

The judgment sought to be annulled having been rendered by Supreme Court cannot be an-
nulled by District Court. 2 La. 15; C. P. 608.

Damages should be allowed on dissolution of the injunction. 23 An. 199; 12 An. 181; 3 An.
589; C. P. 304.

The injunction bond is a solidary obligation. 28 An. 676; 19 La. 497; 12 M. 81; 16 La. 173.

### ' On Motion to Dismiss

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The plaintiffs and appellees move to dismiss this appeal, because " the bond is for no amount fixed by the court, and not as is provided for by article 577, C. P., there being no order of the judge fixing the amount for a suspensive appeal; and the amount of the bond, in such a case, should have been for one-half over and above the judgment annulled."

This is a suit for the nullity of a judgment.  It is coupled with an injunction to arrest the sale of the property under seizure.  The District Court annulled the judgment and perpetuated the injunction.  From this judgment the defendant appealed.

The order of appeal fixes the amount of the bond at $250 for a devolutive appeal, and the bond furnished for such appeal is for that amount.   The order does not fix any as the amount of the bond for a suspensive appeal, but merely directs that it be " according to law."

Had the injunction been dissolved, it would not have been difficult to ascertain the amount for which a bond for a suspensive appeal should have been furnished; but, as the injunction was perpetuated and the judgment about to be enforced was annulled, it is not easily perceived at once, for what amount the bond for a suspensive appeal should have been given, the order of appeal specifying none.

The condition of all appeal bonds is that the surety shall eventually satisfy, in the place of the principal, whatever judgment the appellate court may render against him.

Under any contingency such judgment, however adverse to the defendant, could only be, in the present case, one affirming the judgment of the lower court which annulled the judgment attacked, and perpetuated the injunction and condemned him to *pay costs*.

The amount of the bond in the case of a suspensive appeal from a judgment ordering the payment of money is fixed by Art. 575 C. P.

On the wild assumption that the costs in the case amounted to twenty-five hundred dollars, the bond given for a suspensive appeal, which is for *four thousand* dollars, would be amply sufficient.  The lower court fixed the amount of the bond, in case of a devolutive appeal, at $250, which could only be *for costs*.   It virtually fixed the same amount for the bond in case of a suspensive appeal.

The case is before us, and is now to be decided on its merits.  It is impossible to conceive of what use it would prove to the appellee to dismiss the appeal as far as *suspensive*, as the suit would still remain before us on the *devolutive* appeal.

Motion denied.

### ON THE MERITS.

The object of this suit is to annul a judgment of the Supreme Court, rendered in 1878, whereby Henry Renshaw was recognized as a creditor of the succession of Leroy A. Stafford, for thirteen thousand five hundred dollars, $13,500, with interest, and the property mortgaged to secure the claim was ordered to be seized and sold to pay the debt. 30 An. 861. The suit is coupled with an injunction to prevent the execution of the writ issued on *that* judgment, for the sale of *that* property.

The grievances alleged are twofold: 1st, that Renshaw having sued *via ordinaria*, could not change his proceeding to one *via executiva;* and 2d, that the debt, liquidated by the judgment, was *paid* or *novated.*

The defense was a general denial, and a prayer for damages. From a judgment against him the defendant has appealed.

· 1st. We do not consider that the plaintiff, Renshaw, has proceeded in any manner prohibited or unauthorized by law or jurisprudence.

All he had to do was to produce to the lower court an authentic copy of the judgment of the Supreme Court in his favor, and to have a writ to issue in furtherance of its behests. That is precisely what he has done. It was useless to obtain any decree for the execution of that judgment. C. P. 915.

It is unnecessary to determine the *character* of the suit decided by the Supreme Court. We have no power to review the decision of that Court, in this proceeding, and must, and do assume, that it was correctly rendered, and has done justice between the parties. It is sufficient that it recognized Renshaw as a creditor for the sum stated, admitted his mortgage, annulled the tax sales of the property affected thereby, and ordered the real estate *to be seized and sold to pay the debt.* It is as formal and explicit as any judgment could be, and fully justifies the course pursued by the plaintiff in the case in which it was rendered.

The lower court had no authority to arrest, for the reason averred, the execution of that judgment. It was its duty to enforce it. This first cause was not on its face a ground of nullity. 11 La. 366; 6 R. 92; 20 An. 521; C. P. 604.

2d. The plaintiffs aver that the claim liquidated by the Supreme Court was *paid* or novated. The burden was on them to establish the extinction of the debt. A judgment can be annulled on a plea of payment. C. P. 615.

The accounts between the original parties, planters and factors, for a number of years, were produced, and several witnesses were heard on the trial of the case to show the condition of their relations.

An attentive examination of the evidence satisfies us not only that the plaintiffs have failed to prove *payment* or *novation*, but also that the defendant has actually established that his long existing and disputed

claim, twice acknowledged, still remains unsatisfied. It is high time that the judgment of the Supreme Court, rendered in 1878, be now carried out.

The charge of fraud against the defendant is reckless, and without foundation.

We notice in the record a bill of exception to the refusal of the district judge to permit plaintiffs to file a supplemental petition, to plead prescription against Renshaw's claim. The lower court should have allowed the filing, but *then* it should have overruled the plea, for the grounds stated for refusing the filing. If the court erred, it is an error by which the plaintiffs have not been affected, and which does not alter our conclusions.

The defendant has prayed for the dissolution of the injunction with twenty per cent damages, and twelve hundred dollars for attorneys' fees.

The lower court gave no reasons to support the judgment which it rendered. We must infer that it considered that the plaintiffs, who are the heirs of the original debtor, had shown some good ground for the injunction allowed them *in limine, and perpetuated* on the trial of the merits. We cannot, therefore, conclude that the remedy resorted to was clearly abused. We would not feel authorized to allow damages, other than the fees of counsel, which we think can be reasonably fixed at five hundred dollars, $500.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be reversed; and proceeding to render such judgment as should have been rendered by the lower court,

It is ordered, adjudged and decreed that the injunction herein issued be dissolved, and that the writ enjoined be proceeded with, with instructions to the lower court to have the same executed without further obstruction or impediment,

It is further ordered, adjudged and decreed that the principals and sureties on the injunction *bond* be condemned to pay *in solido* to the defendant in injunction, Henry Renshaw, the sum of five hundred dollars; the sureties respectively up to the amount of their divided liability on the bond.