## No. 8751.

THE STATE OF LOUISIANA EX REL. THE SOUTHERN BANK VS. EDWARD PILSBURY, MAYOR, ET AL.

Under our jurisprudence a final judgment is the property of the party in whose favor it was rendered, and such party or his assignee or subrogee alone has the part to issue and to control execution thereon.

The District Court, to whom a cause is remanded from this Court, cannot execute the judgment rendered in the case in a manner differing from the order of this Court. In such a case the functions of the District Court are merely ministerial. It cannot render any new judgment which would authorize or render an appeal necessary. The execution which it orders is subject to the revision of this Court. And any error which it may commit in directing such execution, will entitle the party aggrieved to an appeal.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

---

*E. Howard McCaleb* for Relator and Appellee:

1. A party, against whom a judgment is rendered by an appellate court, who thinks himself injured by the manner in which the execution was ordered, must seek relief by a *supersedeas*, to be granted by the court from which the mandate was issued. No appeal lies from the order of execution. C. P. Arts. 629, 877, 878; 11 L. 366; 6 R. 92; 20 An. 521; 11 An. 496; 97 U. S. 361.

2. A party demanding the execution of a judgment rendered by the court of appeal is not required to give previous notice to the opposite party. C. P. Art. 620.

3. The transferree of a judgment has the right to issue execution thereon in the name of his transferror (13 An. 325) or in his own name. 8 An. 267; 7 An. 94.

4. On the natural or civil death (*civilter mortuus*) of plaintiff, his representatives, assigns, *ayant cause*, may take out execution. 6 N. S. 514; 5 N. S. 520; 13 An. 374.

5. Where plaintiff has assigned his interest, the control of the suit will be given to (his assignee) the party having the beneficial interest therein. 19 How. 384.

6. A party has a general right to change his attorney (10 Wall. 496) and to employ other counsel to protect his interest. 28 An. 293.

7. The Articles of the Code relative to payment with subrogation have no application to the absolute transfer of a debt. 13 An. 273.

State ex rel. Bank vs Mayor et al.

8. Notice of assignment is only necessary to perfect the transfer in so far as third persons are concerned. Rev. C. C. Arts. 2643, 2644. It is for the assignee's and creditor's benefit; a matter in which the debtor has no interest.

9. Payment to the holder of negotiable instruments will discharge the debtor, although such holder be not the real owner nor empowered by him. Rev. C. C. Art. 2145.

10. Judgment on one of a series of bonds is *res judicata* as to all holders of other bonds of the same series. 7 Wall. 619; 29 An. 690.

11. "If the judgment of the State Court is reversed, it is bound to dispose of the case as directed, and has no power either to evade or reverse the judgment of the United States Supreme Court." 1 Wheaton, 304; 8 Pet. 312; 17 Wall. 253.

### C. F. Buck, City Attorney, for Defendant and Appellant:

1. One not a party to the record has no control over the execution of a judgment. 5 N. S. 707.

2. The District Court can act only *ministerially* in the execution of a decree returned to it from this Court. Its proceedings, in this respect, are subject to revision by this Court. 6 N. S. 276; 7 R. 92.

3. Limitations, conditions or directions of this Court, as to the mode in which a judgment shall be executed, are binding on the inferior tribunal. Especially is this true in a suit, the object of which is a mandamus to compel the performance of some specific act, or duty, by public officers.

4. The ownership of bonds of the character on which the judgment is based, by a person not a party to the suit, should be established contradictorily with the defendant before any action or proceedings can be had in the suit, at his instance, if such action were otherwise admissible.

---

### MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. The City of New Orleans prosecutes this appeal from an *ex parte* order or decree directing the execution of the mandate of the Supreme Court of the United States, and of the decree of this Court predicated thereon, rendered in this case.

The order complained of was rendered on the motion of R. D. Shepherd, as the holder and owner of four of the six hundred and thirty-one bonds declared upon by the Southern Bank.

Appellee contends that no appeal lies from the order of the lower court ordering the execution of a decree rendered by this Court. But the very complaint of the City is, that the mandate ordered to be executed by the District Court is not the decree of this Court and, hence, her appeal presents a question properly to be reviewed by this Court. As stated in the case of Cox's Executors vs. Thomas, 11 La. 366 : " The functions of the District Court in relation to a mandate which has issued from this Court to have a judgment executed, are merely ministerial. It cannot render any new judgment which would authorize or render an appeal necessary." Lovelace vs. Taylor, 6 R. 92.

The gist of the City's complaint is, that the District Judge, in granting an execution to Shepherd, the appellee, who is not an original

party to the suit, nor an assignee of the original plaintiff, has virtually rendered a new judgment, and she has the undoubted right to have a revision of such alleged judgment, as was done in the case from the Eleventh Louisiana.

The motion to dismiss is, therefore, denied.

### ON THE MERITS.

The decree rendered in this case by the Supreme Court of the United States reversed the judgment of this Court, and granted the relief prayed for by relator.

The mandate of that exalted tribunal being presented to this Court on the 29th of May, 1882, the following order, was then made: "The Court, upon consideration, orders that the mandate be recorded, and that the judgment heretofore rendered in the cause be set aside and annulled, and that judgment be given in this Court in accordance with the judgment pronounced by said Supreme Court, and that the same be the judgment of this Court."

"And the Court orders, decrees and adjudges that the cause aforesaid be remanded to the Civil District Court of the Parish of Orleans, with directions to enter a judgment therein, upon the motion of the plaintiff, to conform to the mandate aforesaid and judgment therein in this Court, and that the judgment heretofore rendered in the Third District Court in this case be vacated."

"The said Civil District Court will, upon the motion of the plaintiff or their attorney of record, direct a writ of mandamus, etc., etc.;" then follows a description of the relief granted by the Supreme Court of the United States to the plaintiff.

Among other grounds of complaint the City charges error in the order of execution rendered by the District Court, on the ground that it is not rendered on motion of plaintiff or their attorney, and that, in thus acting, the lower court ignored the mandate of this Court, which is its sole guide in the premises.

Under the views which we have reached, we shall confine our examination to that ground. Under the very authorities quoted by appellee, our jurisprudence is shown to have firmly settled the rule that, "The District Court can act only ministerially in the execution of judgments rendered by the Supreme Court." 11 La. 366 ; 6 R. 92.

Under the decree sent to the lower court from this tribunal, the execution of the judgment in favor of plaintiff was conditional on a motion to that effect by plaintiff or their attorney. If it be true, as alleged, that the insertion of the condition was an erroneous interpolation, the authority of the lower court to correct the error, or to amend

the decree is not apparent. The reverse is the truth. The execution of the mandate of the appellate court by the inferior tribunal must be ordered as that tribunal understands it, *but subject to the former's revision.* Holstein vs. Henderson, 6 N. S. 276; Succession of Triche, 34 An. 1148.

It is very patent that the decree emanating from this Court has not yet been altered, modified, reversed or set aside in any proceeding known to our laws, and it is equally clear, that it was and is yet binding on the District Court.

It is confidently charged that, in thus restricting the execution of the mandate emanating from our superiors, we have taken the attitude of seeking to "evade or reverse the judgment of the United States Supreme Court. The charge is very serious, and involves a line of conduct very little in keeping with our uniform and cheerful obedience to the judgments of that highly respected tribunal. It would ill become us to undertake our defense on that score.

In restricting the right of demanding execution of this mandate to the plaintiff or their attorney of record, we applied a rule of our jurisprudence, which is as ancient as it is wise and logical; and in so doing we exercised the undeniable right and authority vested "in the Court of *dernier ressort* in every State, to decide upon its own jurisdiction and upon the jurisdiction of all the inferior courts to which its appellate power extends." Davis vs. Packard, 8 Peters, 324. No principle is better established than the rule of practice under which a party not of record in the suit cannot order or control the execution of the judgment. Fluker vs. Turner, 5 N. S. 707; Florance vs. Bridge, 5 An. 735. Therefore, in inserting the condition now complained of, we made no attempt to alter or modify the mandate of the Supreme Court of the United States, to which we conformed our judgment, but we merely enunciated a condition which might be considered as implied, under our well established jurisprudence. And in this connection we note the very significant fact, as shown by our minutes, that the decree, as rendered by this Court, was in literal compliance with the motion of plaintiff's counsel, and that the obnoxious condition was, therefore, inserted at the suggestion of the party owning the judgment. In view of this fact we are at a loss to appreciate the right of this appellee to complain of a state of things resulting from the act of the only party to be affected by the condition, the insertion of which is unquestionably justifiable.

Our conduct in the premises is erroneously assimilated to that of the Supreme Courts of Virginia and Missouri, in the cases of Martin vs. Hunter, 1 Wheaton, 304, and Tyler vs. Maguire, 17 Wall. 253. In both of these cases the State tribunals assumed the authority to deny the jurisdiction of the Supreme Court of the United States over causes

which had been tried on the merits by the latter Court, and over which that Court had affirmatively claimed and exercised jurisdiction.

In the instant case, this Court expressly conformed its action to the decree rendered by the Supreme Court of the United States, and as the mandate did not direct any mode of proceeding in the execution of the decree rendered by the Court, this tribunal simply directed that the execution should issue on the motion of plaintiff or of their attorney of record. And in so doing it did nothing more than give practical effect to the rule that the judgment is the property of the party in whose favor it was rendered, and that in our law that party is entrusted with the exclusive management and control of its execution.

Our conduct in the premises is directly sanctioned by the jurisprudence of the Supreme Court of the United States.

The following doctrine was laid down by Chief Justice Marshall, as the organ of that Court in the case of Davis vs. Packard, 8th Peters, p. 324: Upon a writ of error to the court for the correction of errors for the State of New York, its judgment was reversed by the United States Supreme Court, and a mandate sent to proceed according to the opinion of the latter Court. The court of errors thereupon entered a reversal of its judgment, and declared that only an error in fact being assigned, which they had no jurisdiction to try, the writ of error out of that court was dismissed. The practical effect of that ruling was to deprive the plaintiff in error of the benefit of the judgment rendered in his favor by the highest tribunal in the land, and yet it was held by that Court that its mandate had not thereby been disobeyed, because the State Court of last resort had the undeniable authority to judge of its own jurisdiction.

As long as the mandate of this Court remains unreversed and undisturbed, it is the law which must govern the District Court, and the latter is powerless to act in disobedience of the same.

From the very motion for execution presented in this case it appears that the mover was not a party to the original suit, and that he accompanied his motion with the muniments of his interest in the premises, consisting of four bonds originally owned by plaintiff, the Southern Bank, and since acquired by him, and that upon this alleged interest he, the mover, was entitled to an order for the execution of the judgment rendered in favor of the Southern Bank by the Supreme Court of the United States, and by this Court.

It is apparent that the execution which was ordered by the District Court was not in keeping with, and was totally different from that which was contemplated by our decree; and hence, we conclude that the lower court was in error.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and that the motion of R. D. Shepherd, for execution of the final judgment rendered in the case of the State ex rel. Southern Bank vs. Edward Pilsbury, Mayor, etc., et al., be denied and dismissed at his costs in both Courts.

The Chief Justice recuses himself, having been of counsel.