## No. 9608.

### The State ex rel G. W. Sentell et al. vs. Judge of the Twelfth District Court, Parish of Avoyelles.

District courts have no power to question the authority of mandates of this Court or to refuse to execute them; but the utmost effect which can be claimed for them, so far as their execution is concerned, is that they shall be executed according to law. When an application is made to restrain further proceedings in execution of a writ on the ground that the requirements of the law as to the mode of execution have been violated, the district court does not exceed its powers in granting such an injunction. When, thereafter, it has rendered a judgment dissolving the injunction, the party cast had the right to a suspensive appeal, and in granting the same the judge only performed his legal duty. During the pendency of such appeal, the injunction operates as if never dissolved, and it is not the duty of the judge to proceed with the execution of a writ thus enjoined. An application for mandamus directing him so to proceed cannot be allowed.

APPLICATION for Mandamus.

*Thorpe & Peterman* and *L. K. Barber, Jr.*, for the Relators.

The opinion of the Court was delivered by

FENNER, J. At the recent term of this Court at Opelousas, in the suit of G. W. Sentell et al. vs. Mrs. Dora L. Stark, a final judgment was rendered in favor of plaintiffs and against defendant for a certain sum claimed, with recognition of special mortgage on property described and ordering the enforcement thereof to pay the judgment. Our mandate was duly recorded in the district court and a writ of *fieri facias* was issued in accordance therewith.

When the sheriff had made his seizure and was proceeding in execution of the *fi. fa.*, the defendant filed a petition for an injunction restraining the plaintiffs and the sheriff, "from advertising, selling or proceeding any further with the seizure, advertisement and sale of her property" under said writ, until the final determination of the injunction suit. The judge issued the injunction on a bond for two thousand dollars.

Thereupon Sentell et al. filed a motion to dissolve the injunction with damages.

Upon hearing of said motion, the judge rendered his judgment dissolving the injunction and condemning Mrs. Stark and her sureties to pay damages. Within the legal delay, Mrs. Stark applied for and obtained an order for a suspensive appeal upon a bond of two thousand dollars.

Under this state of case, the relators make the instant application of a writ of mandamus ordering the district judge to proceed with the execution.

Unless the judge acted beyond his powers in granting the injunction thus rendering the injunction itself an absolute nullity, or in granting a suspensive appeal from his judgment of dissolution, it clearly cannot be his duty to proceed with the execution of the writ, during the pendency of such appeal and, therefore, mandamus would not lie.

We understand relators to contend that the injunction was a nullity, because it restrained the execution of a judgment of this court, and because the district courts are without authority to arrest or suspend the execution of judgments rendered by this Court.

If the injunction issued was based on any grounds assailing the plenary authority of our judgment or its absolute title to be executed according to law, the contention might have force. But we have examined the petition for injunction and we find no such questions raised. The attack is levelled exclusively against the form of the writ and the proceedings under the writ.

The utmost effect which can be claimed for our judgments, so far as their execution is concerned, is that they shall be executed according to law. In this respect they stand on a plane with all other final judgments.

The power of the district court to restrain illegal proceedings under writs issued in execution of judgments is unquestioned; and its exercise involves no reflection upon the authority of the judgment and no denial of its title to execution.

We have examined all the cases referred to by relator's counsel, on the subject of the power inferior courts have over the execution of mandates of this Court, viz: 11 La. 366; 6 Rob. 92; 16 Ann. 233; 20 Ann. 521; 33 Ann. 443. None of them go further than to assert the duty of inferior courts to recognize the conclusive authority of our mandates, and to award them legal execution. Not one denies or questions the right to restrain proceedings under writs issued in their execution when violative of legal requirements.

We must decline to follow counsel in his discussion of the merits of the grounds upon which the injunction was claimed. If they were as frivolous as he contends and, however, apparent, it might be that the motive was to procure delay, that would only consign the proceeding to the company of that huge catalogue of unjust suits with which the ears of courts are constantly vexed.

It is enough for us to find that in granting the injunction the district judge acted within his power and jurisdiction; that in dissolving it he did the same; that in granting a suspensive appeal from the

judgment of dissolution he merely accorded to appellants a settled and constitutional right; that, during the pendency of such appeal, the injunction operates as if never dissolved, and that it is not his duty to proceed in execution of the writ in violation of the injunction. Hence the relief sought by relators must be denied.

It is, therefore, ordered, that the alternative writ of mandamus herein issued be set aside, and that relator's application be denied at his cost.