————————o————————

No. 6977.

## STATE, EX REL, MRS. KATHERINE RICHARD LAZARUS v. HON. E. K. SKINNER, JUDGE.

### Syllabus.

The functions of a trial Judge in relation to a mandate issued by an appellate court are purely ministerial, and mandamus is the proper remedy to enforce the judgment of the appellate court.

Petition for a writ of mandamus peremptory.

Borah, Himel, Block & Borah, for relator.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

In the matter entitled *B. Cohn Co., Ltd., v. Mrs. Katherine Richard Lazarus, No.* 6749 of the docket of this Court, this Court reversed a judgment of the District Court in favor of plaintiff and remanded the cause for further trial according to law, condemning the plaintiff therein to pay the costs of appeal.

A rule was taken in the Court below to tax said costs which the respondent Judge declined to make absolute and this mandamus was taken to compel him to execute the mandate of this Court.

The respondent Judge for return says that "in the exercise of his judicial discretion, he declined to make said rule

274

absolute," and that mandamus is not the proper remedy in such case.

Both these contentions have been several times overruled by the Supreme Court holding that the functions of a trial Judge in relation to a mandate issued by an appellate Court are purely ministerial, and mandamus is the proper remedy to enforce the judgment of the Appellate Court. *Cox v. Thomas*, 11 *La.*, 367; *Lovelace v. Taylor*, 6 *Rob.*, 92; *State v. Judge*, 20 *An.*, 521.

It is therefore ordered that the writ of mandamus herein issued be made peremptory, and accordingly the respondent Judge is hereby directed to fix the costs of appeal due by the said B. Cohn Co., Ltd., and issue execution therefor.

Opinion and decree, January 23rd, 1917.